UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

IN RE:                                          )
                                                )
NORTH END PROPERTIES, LLC,                      )
A/K/A NORTHEND PROPERTIES, LLC,                 )
302 MAEGEO DRIVE                                )  Case Number B-09-52066C-11W
LEXINGTON, NC 27292                             )
                                                )
TAX I.D. #: 20-0849487                          )
                                  Debtor.       )
_____ )

### MEMORANDUM OPINION ON MOTIONS FOR RELIEF FROM STAY FILED HEREIN BY PHH MORTGAGE CORPORATION

On December 30, 2009, forty-five (45) separate Motions for Relief From Stay filed herein by PHH Mortgage Corporation came on for hearing, after proper notice. The Court, after considering said Motions and the Objection of the Debtor thereto, the testimony of the Managing Member of the Debtor, the exhibits entered into evidence at the hearing, the presentation of counsel at the hearing, and the entire official file, makes the following findings of fact and conclusions of law:

        1.        On October 8, 2009 (the "Petition Date"), the Debtor filed a Petition in the United States Bankruptcy Court for the Middle District of North Carolina under Chapter 11 of Title 11 of the United States Code.

        2.        As of the date of filing, the Debtor owned fifty-three (53) separate parcels of real estate upon which were located improvements which the Debtor leased to

individuals for use as residential dwellings. Fifty-two (52) of these properties were subject to first liens in favor of PHH Mortgage Corporation.

3. Since the Petition Date, the Debtor has actively managed its properties and worked toward the development of a Plan of Reorganization. Consequently, it appears to the Court that this Chapter 11 proceeding is a reorganization in process.

4. Subsequent to the filing, PHH Mortgage Corporation filed forty-five (45) separate Motions for Relief From Stay which were included on the Court's calendar for hearing on December 30, 2009.

5. Prior to the date of the hearing, with the Debtor's consent, an Order [Docket No. 184] granting PHH Mortgage Corporation relief from stay was entered with reference to the following properties:

[Docket No. 31] 1914 Leight Street, Winston Salem, North Carolina;

[Docket No. 37] 839 Efird Street, Winston Salem, North Carolina;

[Docket No. 38] 2942 Northeast Gilmer Avenue, Winston Salem, North Carolina;

[Docket No. 44] 2736 Eastwood Drive, Winston Salem, North Carolina;

[Docket No. 48] 115 Upton Street, Lexington, North Carolina;

[Docket No. 58] 1211 Marne Street, Winston Salem, North Carolina;

[Docket No. 60] 301 Woodbury Street, High Point, North Carolina;

[Docket No. 78 Amended by Docket No. 83] 123 Upton Street, Lexington, North Carolina;

[Docket No. 88] 27 Leonford Street, Lexington, North Carolina;

[Docket No. 102] 2636 Newland Drive, Winston Salem, North Carolina;

[Docket No. 137] 1816 Longview Drive, Winston Salem, North Carolina;

[Docket No. 141] 3919 Leo Street, Winston Salem, North Carolina;

[Docket No. 142] 1219 Opportunity Road, Winston Salem, North Carolina;

[Docket No. 143] 646 McCreary Street, Winston Salem, North Carolina; and

[Docket No. 164] 110 Tyler Drive, Lexington, North Carolina.

6.      As a consequence of the entry of the Consent Order with regard to the above-referenced properties, there remained for hearing, on December 30, 2009 thirty (30) additional Motions (the Contested Motions")[1] relating to the following properties:

[Docket No. 30] 1918 Milford Street, Winston Salem, North Carolina;

[Docket No. 32] 805 West 25th Street, Winston Salem, North Carolina;

[Docket No. 35] 145 Blaze Street, Winston Salem, North Carolina;

[Docket No. 36] 3637 Yale Avenue, Winston Salem, North Carolina;

[Docket No. 39] 1909 South Martin Luther King Jr. Drive, Winston Salem, North Carolina;

[Docket No. 40] 2828 North Glenn Avenue, Winston Salem, North Carolina;

---

[1]The Debtor owns seven additional properties which are subject to a first lien in favor of PHH Mortgage Corporation which are not included in the Contested Motions.

3

[Docket No. 45] 4105 Reich Street, Winston Salem, North Carolina;

[Docket No. 46] 4003 Dalton Street, Winston Salem, North Carolina;

[Docket No. 47] 2601 and 2605 Stockton Street, Winston Salem, North Carolina;

[Docket No. 62] 2944 North Glenn Avenue, Winston Salem, North Carolina;

[Docket No. 64] 1020 Leona Street, Winston Salem, North Carolina;

[Docket No. 65] 1756 Argonne Boulevard, Winston Salem, North Carolina;

[Docket No. 68] 1316 Pleasant Street, Winston Salem, North Carolina;

[Docket No. 71] 314 Forest Hill Avenue, Winston Salem, North Carolina;

[Docket No. 74] 2238 Pleasant Street, Winston Salem, North Carolina;

[Docket No. 76] 2245 Brindle Street, Winston Salem, North Carolina;

[Docket No. 77] 1128 Ada Avenue, Winston Salem, North Carolina;

[Docket No. 80] 3150 South Main Street, Winston Salem, North Carolina;

[Docket No. 81] 2025 Waughtown Street, Winston Salem, North Carolina;

[Amended by Docket No. 82] 4417 Ogburn Avenue, Winston Salem, North Carolina;

[Docket No. 89] 135 Alice Street, Winston Salem, North Carolina;

[Docket No. 94] 3630 Yale Avenue, Winston Salem, North Carolina;

[Docket No. 95] 2853 Stockton Street, Winston Salem, North Carolina;

[Docket No. 96] 3914 Ogburn Avenue, Winston Salem, North Carolina;

[Docket No. 134] 2707 Ansonia Street, Winston Salem, North Carolina;

[Docket No. 135] 4179 Winnipeg Street, Winston Salem, North Carolina;

[Docket No. 136] 1420 Verdun Street, Winston Salem, North Carolina;

[Docket No. 138] 2019 Althea Street, Winston Salem, North Carolina;

[Docket No. 144] 724 West 26th Street, Winston Salem, North Carolina; and

[Docket No. 172] 2109 Northeast 24th Street, Winston Salem, North Carolina.

7. Although the claims of PHH Mortgage Corporation with reference to the properties which are the subject of Contested Motions are secured by separate deeds of trust which are not cross-collateralized, the Debtor treats all thirty-seven (37) of the properties which are subject to liens in favor of PHH Mortgage Corporation as a single economic unit in that rents derived from each of the properties are used for the purpose of maintaining and administering all of the properties. This method of operation is consistent with the terms of the Second Interim Order Authorizing Use of Cash Collateral which was entered on December 23, 2009, and requires *inter alia*, that the Debtor make one adequate protection payment a month to PHH Mortgage Corporation in the amount of $8,500.00. This method of operation allows the Debtor to use rental income for the purpose of maintaining all the properties and rehabilitating and preparing certain of the properties which are currently vacant for re-letting. Based on the evidence presented at the hearing, the thirty-seven (37) remaining properties subject to liens in favor of PHH Mortgage Corporation

(including the 30 properties which are the subject of the Contested Motions) have an equity, in the aggregate, of $142,464.61.

8. During the course of the hearing, the Debtor proposed as adequate protection for the allowed secured claims of PHH Mortgage Corporation, that the indebtednesses owed to PHH Mortgage Corporation based on its allowed secured claims be cross-collateralized so that if there were to be a failure of adequate protection, the rights of PHH Mortgage Corporation pursuant to Section 507(b) of the Bankruptcy Code would not necessarily be limited solely to a specific property. With reference to the properties for which the Motion for Relief From Stay is denied, the Court finds that this proposal constitutes adequate protection for the allowed secured claim of PHH Mortgage Corporation.

9. In considering the appropriateness of granting relief pursuant to the Contested Motions, the Court has considered the requirement of Section 362(d)(2) which requires that in order to grant a Motion for Relief From Stay, the Court must find (a) that the Debtor does not have equity in the property, _and_ (b) that such property is not necessary to an effective reorganization.

10. After reviewing the record and the testimony and exhibits offered into evidence at the hearing, the Court has determined that as to the properties itemized herein below, there has not been a showing that the specific properties either do not have a value in excess of the specific indebtedness on the property and/or that the property is not necessary for an effective reorganization of the Debtor:

[Docket No. 30] 1918 Milford Street, Winston Salem, North Carolina;

[Docket No. 32] 805 West 25th Street, Winston Salem, North Carolina;

[Docket No. 35] 145 Blaze Street, Winston Salem, North Carolina;

[Docket No. 36] 3637 Yale Avenue, Winston Salem, North Carolina;

[Docket No. 39] 1909 South Martin Luther King Jr. Drive, Winston Salem, North Carolina;

[Docket No. 40] 2828 North Glenn Avenue, Winston Salem, North Carolina;

[Docket No. 45] 4105 Reich Street, Winston Salem, North Carolina;

[Docket No. 46] 4003 Dalton Street, Winston Salem, North Carolina;

[Docket No. 47] 2601 and 2605 Stockton Street, Winston Salem, North Carolina;

[Docket No. 62] 2944 North Glenn Avenue, Winston Salem, North Carolina;

[Docket No. 64] 1020 Leona Street, Winston Salem, North Carolina;

[Docket No. 65] 1756 Argonne Boulevard, Winston Salem, North Carolina;

[Docket No. 68] 1316 Pleasant Street, Winston Salem, North Carolina;

[Docket No. 71] 314 Forest Hill Avenue, Winston Salem, North Carolina;

[Docket No. 74] 2238 Pleasant Street, Winston Salem, North Carolina;

[Docket No. 77] 1128 Ada Avenue, Winston Salem, North Carolina;

[Docket No. 80] 3150 South Main Street, Winston Salem, North Carolina;

[Docket No. 81] 2025 Waughtown Street, Winston Salem, North Carolina;

[Amended by Docket No. 82] 4417 Ogburn Avenue, Winston Salem, North Carolina;

[Docket No. 89] 135 Alice Street, Winston Salem, North Carolina;

[Docket No. 94] 3630 Yale Avenue, Winston Salem, North Carolina;

[Docket No. 95] 2853 Stockton Street, Winston Salem, North Carolina;

[Docket No. 96] 3914 Ogburn Avenue, Winston Salem, North Carolina;

[Docket No. 134] 2707 Ansonia Street, Winston Salem, North Carolina;

[Docket No. 135] 4179 Winnipeg Street, Winston Salem, North Carolina;

[Docket No. 136] 1420 Verdun Street, Winston Salem, North Carolina;

[Docket No. 138] 2019 Althea Street, Winston Salem, North Carolina;

[Docket No. 144] 724 West 26th Street, Winston Salem, North Carolina; and

[Docket No. 172] 2109 Northeast 24th Street, Winston Salem, North Carolina.

11.     As to the Motion of PHH Mortgage Corporation for Relief from Stay regarding real property located at 2245 Brindle Street, Winston-Salem, North Carolina [Docket No. 76], the Court has determined that the subject real estate has no value in excess of the specific indebtedness on the property and it is not necessary for the effective reorganization of the Debtor.

12. Separate Orders consistent with the determination in this Memorandum Opinion will be entered contemporaneously herewith.

**NORTH END PROPERTIES, LLC, Case Number B-09-52066C-11W**
Page 1 of 1

**Parties in Interest:**

Robert E. Price, Jr., Esquire
Bankruptcy Administrator
Post Office Box 1828
Greensboro, NC 27402

Robbie Watson
Post Office Box 96
Lexington, North Carolina 27293

Kimberly A. Sheek, Esquire
Shapiro & Ingle, L.L.P.
8520 Cliff Cameron Drive, Suite 300
Charlotte, NC 28269

Matt Underwood, Esquire
Brock & Scott, PLLC
5121 Parkway Plaza Drive, Suite 300
Charlotte, NC 28217